WESTERN DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT FILED IN OPEN COURT:
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DATE: _6-25-21_

TIME: _2:10 pm_

INITIALS: _nwB_

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
v.                              )        Cr. No.: **19-10127-STA**
                                )
JODIE FRANKLIN STACEY,          )
                                )
        Defendant.              )

## PLEA AGREEMENT

COME NOW the parties herein, the defendant, JODIE FRANKLIN STACEY, being represented by his counsel, STEPHEN R. LEFFLER, and the United States of America, being represented by WILLIAM JOSHUA MORROW, Assistant United States Attorney for the Western District of Tennessee, and hereby agree as follows:

1.      The following plea agreement constitutes the entire agreement between the parties, and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law.

2.      The defendant agrees to plead guilty to Count 1 of the Indictment in the above-styled cause. The defendant also agrees to pay a $100.00 special assessment in this case prior to sentencing.

3.      The defendant agrees to abandon any claim he has filed in any civil or administrative forfeiture proceeding as a result of the conduct to which he is pleading guilty to under this plea agreement, and he also agrees to forfeit his interest in *the Marlin model 55 12-guage shotgun* JS

1

## JOINT SENTENCING AGREEMENT OF THE PARTIES

4.     The following agreement has been reached by the parties and is being entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C):

a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree to the following joint sentencing recommendation:

1.     That the defendant's Base Offense Level shall be 14 pursuant to Section 2K2.1(a)(6) of the United States Sentencing Guidelines.

b.     The parties understand and agree that, if the Court accepts this plea agreement, the above recommendation will be binding on the Court.

c.     The parties further understand and agree that, pursuant to Fed. R. Crim. P. 11(c)(3)(A), the Court may accept or reject this plea agreement immediately, or that it may postpone its decision until after the Court has had an opportunity to review the defendant's Presentence Investigation Report.   The parties further understand and agree that, if the Court rejects this plea agreement, the defendant will be given an opportunity to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(A).

## CONCESSIONS BY THE GOVERNMENT

5.     The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under Section 3E1.1 of the United States Sentencing Guidelines, provided the defendant does not commit any new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility in this case, including acknowledging guilt in open court to the facts as set out in the Indictment and in the attached Statement of Facts (attached hereto as Exhibit A).   However, the defendant understands that the issue of whether credit for acceptance of responsibility is

2

awarded will be determined by the District Court, and that any failure of the District Court to award acceptance of responsibility credit is not a basis for the defendant to withdraw his guilty plea or to appeal his sentence.

## CONCESSIONS BY THE DEFENDANT

6.     The defendant agrees that the following sentencing enhancement under the United States Sentencing Guidelines apply in this case, and further that he will not oppose a determination made by the United States Probation Office and/or the District Court that this enhancement applies in this case:

    a.    The four-level enhancement under Section 2K2.1(b)(4) for possessing a firearm that had an altered or obliterated serial number.

## BREACH OF PLEA AGREEMENT BY THE DEFENDANT

7.     Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes, if he engages in any conduct constituting obstructing or impeding justice within the meaning of Section 3C1.1 of the United States Sentencing Guidelines, if he does not truthfully admit the conduct comprising the offense of conviction in this case, if he fails to truthfully admit or falsely denies any additional relevant conduct for which he is accountable under Section 1B1.3 of the United States Sentencing Guidelines, if he fails to make any court appearances in this case from the date of his signing of this plea agreement to the date of his sentencing hearing, or if he attempts to withdraw his guilty plea, the Government will be released from its obligations set forth in this plea agreement, including its sentencing recommendation set forth in Paragraph 4 above, and would become free to argue for any sentence within the statutory limits.   Such a breach by the defendant would not release him from his plea of guilty.

3

## WAIVER OF APPEAL AND § 2255 ACTIONS

8.    The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case.    Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence is imposed, unless the sentence in this case exceeds the statutory maximum or is the result of an upward departure from the guideline range that the Court establishes at sentencing.    The defendant further understands that nothing in this plea agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).    However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of his appellate rights.    By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.    The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case is knowing and voluntary.

9.    The defendant understands that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court in this case.    Acknowledging this, the defendant knowingly and voluntarily waives his right to challenge his sentence under § 2255, except with regard to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

4

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

10.   There are no other agreements between or among the parties to this plea agreement.   The defendant is satisfied that all acts and/or any omissions of his counsel have been the result of reasonable professional judgment and that he has been provided adequate legal representation in this case. The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of his counsel.

Respectfully submitted,

JOSEPH C. MURPHY, JR.
Acting United States Attorney

STEPEN R. LEFFLER
Counsel for the Defendant

WILLIAM JOSHUA MORROW
Assistant United States Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422-6220

6-25-2021
Date

JODIE FRANKLIN STACEY
Defendant

5

United States v. Jodie Franklin Stacey
Case No. 19-10127-STA
Attachment A

The defendant is pleading guilty because he is in fact guilty of the charge contained in Count 1 of the Indictment.

The defendant understands that a violation of Title 18, United States Code, Section 922(g)(1), has the following elements:

1. The defendant has been convicted of a crime punishable by imprisonment for more than one year.

2. The defendant, following his conviction, knowingly possessed the firearm specified in the indictment.

3. At the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

4. The specified firearm crossed a state line prior to the defendant's alleged possession of the firearm.

The defendant agrees and stipulates as part of this plea agreement that had this case proceeded to trial, the United States would have offered evidence to prove the following facts:

## Facts of the Offense

On April 10, 2019, Investigator Marolt with the Alcorn County, Mississippi Sheriff's Office interviewed the defendant, Jodie Franklin STACEY, at his home in McNairy County, Tennessee regarding a burglary that previously occurred in Alcorn County where several guns had been stolen. Inv. Marolt believed that STACEY had information concerning the burglary. Inv. Marolt asked STACEY about a rifle that had been stolen during the burglary, and STACEY said he had a shotgun in his possession that Wendy Gray had given to him to hold. STACEY then produced a Marlin, Model 55, 12-gauge bolt action shotgun that was wrapped in a towel and hidden under a TV stand in the living room. The serial number for the shotgun had been scratched off and was not legible.

1

United States v. Jodie Franklin Stacey
Case No. 19-10127-STA
Attachment A

On April 15, 2019, investigators spoke with Wendy Gray regarding her sale of the Marlin 12-gauge shotgun to STACEY. Ms. Gray stated that she sold the shotgun and a bedroom suit to STACEY for $350.00.

STACEY is a convicted felon, having previously been convicted of Possession of Schedule VI (Marijuana) with Intent to Deliver ½ ounce or more and Identity Theft on January 5, 2007 in McNairy County, Tennessee, and Initiating the Process of Manufacturing Methamphetamine on August 24, 2012 and October 13, 2011 in McNairy County, Tennessee. Based on the nature of those convictions and the sentences imposed in those cases, STACEY knew he was a convicted felon, that is, he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, on and before April 10, 2019.

Agent Stilwell with the ATF reviewed the Marlin 12-gauge shotgun possessed by STACEY and determined that it met the federal definition of a firearm and that it was not manufactured in the state of Tennessee, and therefore that it had traveled in interstate or foreign commerce prior to being possessed by STACEY on April 10, 2019.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's plea of guilty. This statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' conduct or other matters.

_____
Jodie Franklin Stacey
Defendant

_____
Stephen R. Leffler
Counsel for Defendant

6-25-2021
_____
Date

2